IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| CODY JOSEPH VERNON FLESCH, | CV 23-20-H-SEH |
| Plaintiff, | |
| vs. | ORDER |
| SERGEANT BROWN, OFFICER BILLS, JOHN/JANE DOE COMMAND POST, JOHN DOE CLINICAL SERVICES # 1, JOHN DOE CLINICAL SERVICES #2, | |
| Defendants. | |

Plaintiff Cody Joseph Vernon Flesch, without counsel, brought suit alleging constitutional violations regarding his incarceration.[1] The Complaint as pleaded fails to state a claim for federal relief and is dismissed.

**BACKGROUND**

Flesch is a state prisoner incarcerated at Montana State Prison (MSP).[2] Sergeant Brown and Officer Bills, employees at MSP, are named as defendants. An unidentified command post officer and two Doe clinical services nurses are also listed in the case caption as defendants.[3]

---

[1] Doc. 2 at 3.
[2] *Id.* at 2.
[3] *Id.* at 2–3.

Flesch alleges cruel and unusual punishment and deliberate indifference to his medical needs violating the Eighth Amendment.[4] He claims that following a flood in his housing unit, caused by other prisoners, he was exposed to infections or diseases from the dirty water and unsanitary conditions. He states that a foot wound became infected, swollen, and painful,[5] and that proper medical treatment was delayed for weeks, contributing to the infection and his resulting pain.

## 28 U.S.C. §§ 1915, 1915A SCREENING

The complaint has been reviewed under 28 U.S.C. §§ 1915 and 1915A. Dismissal is required if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Fed. R. Civ. P. 8 requires that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief"[6] and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[7] The allegations must cross "the line from conceivable to plausible."[8]

*Pro se* filings are "to be liberally construed."[9] A "*pro se* complaint, however

---

[4] *Id.* at 3.
[5] *Id.* at 5.
[6] Fed. R. Civ. P. 8(a)(2).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).
[8] *Id.* at 680.
[9] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[10]

## DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the person is confined are subject to the Eighth Amendment prohibition on cruel and unusual punishment.[11] The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency . . . ."[12] Prison officials must provide prisoners with "discrete basic human needs" including "food, clothing, shelter, sanitation, medical care, and personal safety."[13]

A prison official violates a prisoner's Eighth Amendment rights when: (1) objectively, the official's act or omission is so serious it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official acted with deliberate indifference to the prisoner's health or safety.[14] A plaintiff must show that the official knowingly disregarded an excessive risk to prisoner health or safety.[15] It is insufficient to show a defendant should have

---

construed so as to do justice.").
[10] *Id.*
[11] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993).
[12] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (cleaned up).
[13] *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).
[14] *See Farmer*, 511 U.S. at 834.
[15] *Id.* at 837; *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

3

known of the risk; actual notice on the part of the prison official is required.[16] The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and draw the inference.[17]

A mere accident or evaluative mistake is not a wanton infliction of unnecessary pain.[18] "Deliberate indifference is a high legal standard."[19] Prison officers who "act reasonably" are not liable under the Eighth Amendment.[20]

First, Flesch claims that following the flood in his housing unit, he requested clean clothes, cleaning supplies, and a shower from Sergeant Brown, but his requests were denied over a three-day period.[21] He argues these unsanitary conditions led to his foot becoming infected and that Sergeant Brown's actions deprived him of safe living conditions.[22]

Second, Flesch argues Officer Bills also denied him a shower, clean clothes, and cleaning supplies, informing Flesch that Officer Bills was under orders to do so.[23] When Flesch informed Officer Bills of his wounds and requested clean items, Officer Bills informed Flesch he would not go beyond orders from the command

---

[16] *Farmer*, 511 U.S. at 837–38, 843 n.8.
[17] *Id.* at 837.
[18] *See Estelle*, 429 U.S. at 105.
[19] *Toguchi*, 391 F.3d at 1060.
[20] *Farmer*, 511 U.S. at 844–45 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.").
[21] Doc. 2-1 at 6.
[22] *Id.*
[23] *Id.*

post.[24] Flesch claims Officer Bills' actions deprived him of a right to safe and clean living conditions exposing him to possible disease and infection, which occurred.[25]

Third, Flesch claims the John/Jane Doe Command Post officers supervising the prison on the night of the flood gave direct orders not to let prisoners in Flesch's housing unit shower or receive clean clothes or cleaning supplies. He claims these individuals subjected him to unsanitary conditions putting him at risk of infection, which he later contracted.[26]

Fourth, Flesch claims that John Doe Clinical Services Nurse #1, barely looked at his foot and told him it was a "hangnail." He asserts such dismissive behavior deprived him of adequate medical care and caused in him to contract a preventable infection.[27]

Finally, Flesch argues John Doe Clinical Services Nurse #2 examined him after the on-call nurse requested for Flesch to be seen. John Doe #2 inspected the back of Flesch's foot, gave him a band-aid, and advised him he would be okay.[28] Flesch asserts the actions deprived him of his right to adequate medical care and sanitary housing and, as a result, he contracted the foot infection.[29]

---

[24] *Id.* at 3–4.
[25] *Id.* at 4.
[26] *Id.*
[27] *Id.*
[28] *Id.* at 5.
[29] *Id.*

## A. Contaminated Cell and Unsanitary Conditions.

"[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."[30] Some confinement conditions may establish an Eighth Amendment violation "in combination" when alone each would not do so, "but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise."[31]

Construing Flesch's allegation as favorably as possible, his claims regarding his contaminated cell and the temporary deprivation of clean clothes, a shower, and cleaning supplies do not rise to the level of an Eighth Amendment violation. Flesch contends other prisoners in his housing unit intentionally caused a flood causing his cell to be exposed to dirty toilet water. Flesch acknowledges he was unsure if there was sewage in the water and he was provided with a squeegee to remove some of the water from his cell. He was also given a clean bed sheet. At most Flesch was deprived of clean clothing and a clean cell for three days which does not amount to an objectively serious deprivation within the meaning of the Eighth Amendment under federal law.[32]

---

[30] *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995).

[31] *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

[32] *See Anderson*, 45 F.3d at 1314 (holding a temporary placement in a dirty cell did not constitute an Eighth Amendment violation); *Smith v. Copeland*, 87 F.3d 265, 269 (9th Cir. 1996) (finding no constitutional violation under Eighth Amendment or Due Process jurisprudence where pretrial detainee was subjected to an overflowed toilet for four days); *see also Bejarano v. Allison*, No.

Moreover, when Flesch complained of the unsanitary conditions and requested further investigation, his request was granted and the sanitary issues were addressed.[33] Flesch contacted medical professionals upon his arrival at MSP and advised them of issues he was having with his wounds, including the one on his foot, prior to the flooding incident.[34] No evidence exists that the purportedly unsanitary conditions caused his infection. Flesch's assertions, without more, are insufficient to demonstrate the lack of a clean cell violated his Eighth Amendment rights.

## B. Denial of Medical Care.

Prison officials must provide prisoners with adequate medical care and failing to do so can constitute an Eighth Amendment violation.[35] Claims for inadequate medical care require proof of both objective—the existence of a "serious medical need"—and subjective—a prison official's "deliberate indifference" thereto—components.[36] A prisoner's medical need is "serious" if failure to treat the medical condition "could result in further significant injury" or

---

1:11-cv-00589-LJO-GBC(PC), 2012 WL 2520878, at *3 (C.D. Cal. Mar. 24, 2017) (finding no Eighth Amendment violation where plaintiff alleged a deprivation of clean clothes, a blanket, a clean mattress, a sink and toilet, medication, and the ability to practice general personal hygiene on two occasions lasting three days each).

[33] *See* Doc. 2-1 at 11–13.

[34] *See Id.* at 6–7 (between Flesch's arrival at MSP on September 14, 2022, and the flood on October 9, 2022, Flesch consulted with medical professionals at least five times regarding the wound on his foot).

[35] *See Estelle*, 429 U.S. at 103–05; *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

[36] *Id.*

could cause "the unnecessary and wanton infliction of pain."[37] Indications that a prisoner has a serious medical need include: (1) the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; (2) the presence of a medical condition significantly affecting an individual's daily activities; or (3) the existence of chronic and substantial pain.[38]

The subjective element requires proof the official "knows of and disregards an excessive risk to inmate health and safety."[39] "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[40] "[T]o show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the *defendants chose this course in conscious disregard* of an excessive risk to the plaintiff's health."[41] Delay in treatment does not violate the Eighth Amendment unless the delay was harmful.[42]

The Court assumes Flesch had a serious medical need, but he cannot show that the defendants were deliberately indifferent to his medical needs. Flesch arrived at MSP on September 14, 2022, and had his medical assessment on

---

[37] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (cleaned up).
[38] *Colwell*, 763 F.3d at 1066 (citation omitted).
[39] *Toguchi*, 391 F.3d at 1057 (citation omitted).
[40] *Id.* at 1060.
[41] *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (cleaned up) (emphasis added).
[42] *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

September 15, during which he advised the nurses of his scratches and cuts on the left side of his body.[43] On September 21, Flesch saw a doctor for his initial intake physical and showed his wounds to the doctor. On October 2, Flesch showed the on-call nurse his wounds and advised her they seemed to be healing slow and were possibly becoming infected. In response, the nurse put him down on the medical list to be seen.[44]

On October 3, John Doe Clinical Service Nurse #1 came to Flesch's door and asked to see his foot. The nurse looked at his foot and advised Flesh he believed he had a hangnail. On October 5, Flesch saw medical again, but no further treatment was offered.[45]

The flood occurred in the housing unit on October 9. That same evening during pill pass, Flesch raised concerns with the nurse about the chance of infection to his wounds and that his wounds did not seem to be getting better. The nurse again put Flesch down on the medical list of patients to be seen.[46] The following day, Flesch still had not been seen by medical. The nurse consulted with him and advised him she would again add his name to the list.[47] On October 17, Flesch's left foot pinky toe became infected and swollen. Flesch advised Sergeant

---

[43] Doc. 2-1 at 6.
[44] *Id.*
[45] *Id.*
[46] *Id.* at 7–8.
[47] *Id.* at 8.

Arneson, who assured him medical would be by to see him. On October 18, John Doe Nurse #2 pulled Flesch out of his cell, inspected his foot, and gave him a band aid. The following day, Flesch filed a grievance. John Doe Nurse #2 pulled Flesch out of his cell again and this time agreed he needed to see a doctor.[48] On October 20, Flesch saw the doctor, was given antibiotics and ibuprofen, and a blood test and x-rays were ordered.

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."[49] Medical malpractice is not a constitutional violation merely because the victim is a prisoner.[50] Flesch fails to plausibly allege that any of the named Defendants were deliberately indifferent to his serious medical need. He has alleged, at most, that they were negligent, and that he would have preferred a different course of treatment. That is insufficient to state a viable claim.

"Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect."[51] Amendment would be futile.

**ORDERED:**

1.    Flesch's case is **DISMISSED** for failure to state a federal claim.

---

[48] *Id.* at 9.

[49] *Estelle*, 429 U.S. at 106.

[50] *See Id.*; *see also Jett*, 439 F.3d at 1096; *Toguchi*, 391 F.3d at 1057, 1060 (stating that "[d]eliberate indifference is a high legal standard").

[51] *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (internal quotations omitted).

Amendment would be futile.

     2.     The Clerk of Court is directed to enter judgment.[52]

     3.     The Court certifies that any appeal of this decision would not be taken in good faith.

     4.     Filing of this action counts as one strike against Flesch under 28 U.S.C. § 1915(e)(2)(B)(ii).

     DATED this 1st day of May, 2023.

SAM E. HADDON
United States District Judge

---

[52] Fed. R. Civ. P. 58.